# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Kewon English and Earl Powell, | Civil Action No.: 3:19-cv-02491-JMC |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Joseph Clarke, Leon Lott, in his official capacity as Sheriff of Richland County, and Richland County Sheriff's Department, | |
| Defendants. | |

Plaintiffs Kewon English and Earl Powell (collectively, "Plaintiffs") filed this action alleging claims against Joseph Clarke ("Clarke"), Leon Lott, in his official capacity as Sheriff of Richland County ("Sheriff Lott"), and the Richland County Sheriff's Department ("RCSD") for violations of their constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment. (ECF No. 43.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On March 2, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 65). For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 65), **DENIES** Defendants' Motion for Summary Judgment (ECF No. 43) as to Powell's malicious prosecution claim, and **GRANTS** the Motion as to the remaining claims. As such, the court dismisses all of English's claims and all of Powell's claims other than the malicious prosecution claim against him.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiffs' claims arise out of their August 2015 arrests, and their

1

subsequent imprisonment and prosecution. (ECF No. 1.) Plaintiffs allege that they were charged, prosecuted, and arrested for crimes based on confessions that were wrongfully obtained by Defendant Clarke. (*Id.* at 2 ¶ 8.) Plaintiffs further claim Clarke violated their constitutional rights "pursuant to Sheriff Lott and RCSD's training and supervision, as well as their officially adopted or well-promulgated policy, well-established custom and practice, and pursuant to the actions and decisions of final policymakers." (*Id.*) Plaintiffs were arrested on or about August 5, 2015 and indicted on November 10, 2015. (ECF No. 43-1 at 6.) Plaintiffs allege Defendants received DNA results which exonerated them in May 2016, but Defendants did not dismiss the charges against them until December 2016. (ECF No. 65 at 2.) Plaintiffs allege claims against RCSD and Sheriff Lott pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), based on an alleged "custom, policy, and practice of targeting suspected minority gang members to put them in prison; covering up misconduct and retaining officers despite misconduct; and failing to record interviews." (ECF No. 65 at 2.)

On September 3, 2019, Plaintiffs filed this action for violation of their First, Fourth, Fifth, Sixth,[1] and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Defendants filed a Motion for Summary Judgment on September 28, 2020 (ECF No. 43), Plaintiffs filed a Response on October 13, 2020 (ECF No. 49), and Defendants filed a Reply on October 27, 2020 (ECF No. 55). On June 2, 2021, the Magistrate Judge issued the Report. (ECF No. 65.) Plaintiffs filed Objections on June 15, 2021 (ECF No. 68) and Defendants filed Objections on June 25, 2021

---

[1] Neither Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 49) nor Plaintiffs' Objections to the Report (ECF No. 68) address Defendant's arguments in favor of dismissal of Plaintiffs' Sixth Amendment claims. Therefore, the court agrees with the Magistrate Judge that these claims have been abandoned. *See Coker v. International Paper Co.*, C/A No. 08-1865, 2010 WL 1072643, at * 2 (D.S.C. Mar. 18, 2010) (noting that plaintiff can abandon claims by failing to address them in response to a dispositive motion).

(ECF No. 73). Defendants replied to Plaintiffs' Objections on June 29, 2021 (ECF No. 74) and Plaintiffs replied to Defendants' Objections on July 1, 2021 (ECF No. 75). This matter is now ripe for review.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

## III.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

## IV.     ANALYSIS

A.     The Report and Recommendation

Initially, the Magistrate Judge found that Plaintiff Powell's ("Powell") claims that accrued based on his arrest on or about August 6, 2015 are barred by the statute of limitations. (ECF No. 65 at 4.) These claims include his "(1) Fourth Amendment claim of false arrest, (2) First Amendment Claim to be free from state-compelled speech in signing the confession on August 5 or 6, 2015, (3) Fifth Amendment claim alleging he was denied his right to counsel during his interrogation on August 5 or 6, 2015, and (4) Fourteenth Amendment claim that his equal

4

protection rights were violated by his arrest." (*Id.* (citing *Smith v. McCarthy*, 349 F. App'x 851, 857 (4th Cir. 2009) (finding the district court properly dismissed the plaintiff's claims of excessive force, violation of due process, illegal entry on property, illegal search and seizure, etc. as untimely because they accrued on the date of arrest); *Harrison v. Sumter Cty. Sheriff's Dep't*, No. 3:17-3442-RMG-BM, 2018 WL 1225207, at *3 (D.S.C. Feb. 15, 2018) (collecting cases), *adopted by*, No. 3:17-CV-03442, 2018 WL 1225108 (D.S.C. Mar. 7, 2018)).)

Next, the Magistrate Judge found that RCSD is "not an entity that is amenable to suit because it is not an individual or a corporate or political entity." (ECF No. 65 at 6 (citing *Monell*, 436 U.S. at 694; *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001)).) The Magistrate Judge further determined that while Sheriff Lott is generally amenable to suit, he is immune under the Eleventh Amendment from Plaintiffs' claims for damages because he is an agent of the state. (ECF No. 65 at 6–7.) The Magistrate Judge also found that no reasonable jury could find Clarke lacked probable cause to arrest English based on the evidence in the record. (*Id.* at 11–13.) The Magistrate Judge explained that probable cause existed even without the purported false statement upon which the arrest warrant relied based upon the statements of the victim and other witnesses. (*Id.* at 14.) Turning to Plaintiffs' malicious prosecution claims, the Magistrate Judge found that Defendants are entitled to summary judgment as to English's claim, but Powell's claim should be submitted to a jury for resolution. (*Id.* at 16.) Ultimately, the Magistrate Judge recommended Defendants' Motion for Summary Judgment (ECF No. 43) be denied as to Powell's claim for malicious prosecution and granted as to all other claims. (ECF No. 65 at 28.)

B.     Plaintiffs' Objections

First, Plaintiffs argue the Report "improperly draws factual conclusions in favor of the moving party and ignores conflicting evidence." (ECF No. 68 at 3.) Second, Plaintiffs argue that

5

the Report misapplies the doctrine of qualified immunity to the First Amendment compelled speech claim as Clarke is not entitled to qualified immunity. (*Id.* at 11.) Third, Plaintiffs contend that the Report improperly concludes that Powell's false arrest claim is barred by the statute of limitations and the Magistrate Judge erred in not applying the doctrine of equitable tolling, the doctrine of fraudulent concealment, or the continuing tort rule to save these claims. (*Id.* at 14.) Finally, Plaintiffs assert the Report failed to address the merits of Powell's claims after determining they were barred by the statute of limitations and failed to address both Plaintiffs' *Monell* claims upon finding they were barred by the doctrine of sovereign immunity. (*Id.* at 15.)

C.     Defendants' Objections

Defendants argue the Magistrate Judge erred by concluding that a material fact exists as to whether Powell's arrest was supported by probable cause. (ECF No. 73 at 2.) Specifically, Defendants assert:

> [t]aking the facts in [the] light most favorable to the Plaintiffs, there was substantial evidence that probable cause existed for the arrest and prosecution of Earl "Jamal" Powell, based on the following: (1) the statement of the victim; (2) the statement of Darrione Rodriguez, the victim's son; (3) the statement of English; (4) the statement of Powell; (5) intra-agency information concerning Powell[;] (6) the close association between the Plaintiffs; and (7) subsequent and independent decisions by multiple judicial officers during the prosecution phase.

(*Id.* at 2.) Defendants contend that the Magistrate Judge erred by applying the exclusionary rule because it "does not apply to a civil action brought pursuant to 42 U.S.C. § 1983, and as a result, the confessions of both English and Powell may be considered in assessing whether probable cause exists for their arrests." (*Id.* at 5.) Defendants assert the Magistrate Judge erred by "failing to consider facts contained in English's statement in evaluating probable cause for Powell." (*Id.* at 8.) Defendants argue that, even if English's confession was excluded as improperly obtained, the

6

information gathered from the confession would not be excluded as evidence against Powell, whose constitutional rights were not violated. (*Id.* at 9.)

Additionally, Defendants argue the Magistrate Judge erred by "failing to address the second prong of the qualified immunity analysis" and by "omitting any evaluation or rationale as to the basis for denying Clarke qualified immunity." (ECF No. 73 at 10.) Finally, Defendants contend the Magistrate Judge failed to consider whether, arguably, there existed probable cause for Clarke's arrest of Powell. (*Id.* at 11.)

D. The Court's Review

   1. *Immunity*

Sheriff Lott and RCSD are immune from suit under the Eleventh Amendment. "Neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("the distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'"). State agencies "that may be properly characterized as arms of the State . . . are also entitled to the same immunity as the state itself." *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (internal quotation marks omitted)). This immunity may likewise extend to "state employees acting in their official capacity[.]" *See id.* (citation omitted).

Plaintiffs assert Sheriff Lott and RCSD are subject to *Monell* claims because RCSD is self-insured, and therefore not an arm of the state. (ECF No. 49 at 41.) As the Magistrate Judge explained, "[t]he 'largely, if not wholly, dispositive' factor in determining whether an entity is properly characterized as an arm of the state is whether the state treasury will be liable for the judgment." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (citing *Gray v. Laws*, 51 F.3d

7

426, 433 (4th Cir. 1995)).  If the state's treasury will not be affected by the judgment, courts consider whether the suit will jeopardize "'the integrity retained by [the] State in our federal system' and whether the state possesses such control over the entity claiming Eleventh Amendment immunity that it can legitimately be considered an 'arm of the state.'"  *Id.* (quoting *Gray v. Laws*, 51 F.3d at 434).  However, courts addressing this issue have concluded that sheriffs, in their official capacities, and sheriff's departments in South Carolina are arms of the state.  *Id.* (citing *Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988) (holding that South Carolina sheriffs are state officials for Eleventh Amendment purposes)).  Therefore, the court finds that RCSD and Sheriff Lott, in his official capacity, are arms of the state and thus entitled to Eleventh Amendment immunity as to Plaintiffs' claims.

Plaintiffs assert claims against Clarke in his individual capacity.  The Magistrate Judge found that Clarke is entitled to qualified immunity as to English's First Amendment claim.  (ECF No. 65 at 22–24.)  Qualified immunity offers complete protection from liability for civil damages for government officials sued in their individual capacities as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry."  *Tolan v. Cotton*, 134 S. Ct. 1861, 1865–66 (2014).  The first prong inquires whether the facts, "[t]aken in the light most favorable to the party asserting the injury," show the officer's conduct violated a federal right.  *Id.*  The second prong "asks whether the right in question was 'clearly established' at the time of the violation."  *Id.* at 1866 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).

While Defendants assert the Magistrate Judge erred by failing to address the second prong of this analysis, it is unclear which of Plaintiffs' claims they are referring to.  As an initial matter,

8

the Fourth Amendment right to be free from seizures not founded upon probable cause was well established at the time of Plaintiffs' arrests. *See Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). Plaintiffs further contend that the application of the First Amendment right to be free from state compelled speech in the context of coerced confessions was also clearly established in August 2015 when Clarke allegedly coerced English's confession. (ECF No. 49 at 46.) Plaintiff bases this argument on First Amendment case law providing the right to be free from state compelled speech in other contexts. (*Id.*) However, the Magistrate Judge found that "there is no clearly established precedent from the controlling jurisdictions or a consensus of persuasive authority that would warn a reasonable officer that a coerced confession violates the First Amendment to the Constitution." (ECF No. 65 at 24.)

When examining whether a right was clearly established when violated, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful; but it is to say that in light of pre-existing law the unlawfulness must be apparent." *Id.* "Courts have discretion to decide the order in which to engage these two prongs." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). The court agrees with the Magistrate Judge's finding that the First Amendment right to be free from state compelled speech was not clearly established in the context of coerced confessions in 2015. Accordingly, the court rejects Defendants' objection that the Report did not address the second prong of the qualified immunity analysis and rejects Plaintiffs' objection that the Report erred in its analysis of the First Amendment right in this context.

9

*2. Powell's Claims*

As an initial matter, unless a tolling doctrine applies, Powell's claims stemming from his arrest on or about August 6, 2015 are barred by the statute of limitations. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5) (West 2021). The statute of limitations for an arrestee's § 1983 false arrest claim begins at the time of arrest. *Wallace v. Kato*, 549 U.S. 384, 391–92 (2007) ("[T]he statute of limitations on [arrestee's] § 1983 claim [begins] to run when he [appears] before the examining magistrate and [is] bound over for trial.").

The court is unpersuaded by Plaintiffs' assertion that Defendants should be equitably estopped[2] from asserting a statute of limitations defense against Powell because they "intentionally withheld important information to induce [Powell's] arrest and imprisonment, initiation of prosecution, and continued prosecution." (ECF No. 49 at 39.) In South Carolina, a defendant may be estopped from claiming the statute of limitations as a defense if some conduct or representation by the defendant has induced the plaintiff to delay in filing suit." *Hedgepath v. American Tel. & Tel. Co.*, 559 S.E.2d 327, 360 (S.C. Ct. App. 2001). "An inducement for delay may consist of either an express representation that the claim will be settled without litigation or other conduct that suggests a lawsuit is not necessary." *Id.* Plaintiffs assert that Defendants withheld information to induce Powell's arrest, imprisonment, and prosecution. (ECF No. 49 at 39.) However, Plaintiffs do not allege any conduct, representations, or information withheld by Defendants that induced Powell to delay in filing this civil action. Although the issue of whether estoppel bars a defendant from claiming the statute of limitations is generally a jury question, "where the record contains no

---

[2] As noted in the Report, although Plaintiffs use the term "equitable tolling," they make an argument for equitable estoppel. (*See* ECF No. 65 at 4–5.)

evidence of conduct on the defendant's part warranting estoppel, summary judgment is proper. *Vines v. Self Memorial Hosp.*, 443 S.E.2d 909, 911 (S.C. (1994) (citing *Gadsden v. Southern Railway*, 206 S.E.2d 882 (S.C. 1974)).

Similarly, Plaintiffs' fraudulent concealment argument fails to toll the statute of limitations. Plaintiffs argue that "Defendants deliberately concealed information that would have been material" to Powell's ability to sue, but do not specifically explain the information concealed or how it induced Plaintiffs to delay suit. (ECF No. 49 at 40.) A statute of limitations can be tolled by "[d]eliberate acts of deception by a defendant calculated to conceal from a potential plaintiff that he has a cause of action." *Doe v. Bishop of Charleston*, 754 S.E.2d 494, 500–01 (S.C. 2014). As stated above, however, Plaintiffs have not provided evidence to show Defendants' action or inaction in any way induced them to delay in filing the instant lawsuit.

Finally, Plaintiffs' attempt to utilize the continuing tort doctrine as a means of tolling the statute of limitations is unavailing. "South Carolina has adopted the doctrine of continuing tort in limited situations involving nuisance actions, thereby allowing litigants to recover all damages for the continuing nuisance." *Center for Legal Reform v. Rakowsky*, No. 3:14-cv-01674-JFA, 2014 WL 6389709, at *4 (D.S.C. Nov. 14, 2014) (citing *Silvester v. Spring Valley Country Club*, 543 S.E.2d 563, 567 (S.C. Ct. App. 2001) (citing *Sutton v. Catawaba Power Co.*, 89 S.E. 353, 353 (S.C. 1916)). South Carolina courts have "clearly declined to adopt the continuing tort rule in other instances." *Id.* (citing *Harrison v. Bevilacqua*, 580 S.E.2d 109, 115 (S.C. 2003) ("We decline to adopt the continuous treatment rule or the doctrine of continuing tort."); *Epstein v. Brown*, 610 S.E.2d 816, 820 (S.C. 2005) ("we decline to adopt the continuous representation rule.")). Plaintiffs have failed to present case law to support their contention that the continuing tort rule is applicable to the claims at issue in this case.

11

Accordingly, Powell's claims for false arrest are untimely and therefore barred under the statute of limitations. As such, the Magistrate Judge did not err in declining to reach the merits of Powell's false arrest claims.

Next, the Report recommends denying summary judgment as to Powell's claim for malicious prosecution. "[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017), *as amended* (Aug. 22, 2017) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)). To state a claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012); *see Prince George's Cty.*, 475 F.3d at 627 (quoting *Brooks*, 85 F.3d at 183–84). The parties dispute the second and third elements.

First, Defendants argue that there was adequate probable cause to arrest Powell based on English's confession and that the Magistrate Judge improperly applied the exclusion rule. (ECF No. 73 at 5–8.) The court disagrees. Rather than applying the exclusionary rule, the Report notes that there is a factual dispute as to whether English's confession was coerced and obtained despite his demand for counsel and his request to have a parent present, considering the fact that he was a minor at the time. (ECF No. 65 at 14.) Because a coerced confession cannot be used to form the basis for probable cause, the Magistrate Judge attempted to find other circumstances where no genuine issue of material fact existed such that summary judgment on this issue would be appropriate. (*See id.*) Probable cause is determined based on the totality of the circumstances.

12

*Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017) (quoting *Illinois v. Gates*, 462 U.S. 213, 230 (1983)).  "While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict." *Id.* (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)). Thus, whether probable cause existed to arrest and prosecute Powell turns on whether the confessions obtained by Clarke were coerced, which is a factual question. *See Gilliam v. Sealey*, 932 F.3d 216, 234 (4th Cir. 2019). Aside from the allegedly coerced confession, however, the record lacks evidence sufficient to support the existence of probable cause to arrest Powell. As such, the Magistrate Judge correctly determined a genuine issue of material fact exists as to the presence of probable cause for Powell's arrest.

Next, the parties agree that Plaintiffs' charges were *nolle prossed* but disagree as to whether the dismissal was for reasons implying or consistent with innocence. *See Salley v. Myers*, 971 F.3d 308, 313 (4th Cir. 2020) (explaining that under South Carolina law, a *nolle prosse* alone will not establish favorable termination) (citing *Nicholas v. Wal-Mart Stores, Inc.*, 33 F. App'x 61, 64–65 (4th Cir. 2002)). "[T]he circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Id.* (citations omitted). Here, Plaintiffs' charges were dismissed based upon the assistant solicitor's conclusion that "insufficient evidence existed to meet the standard of proof required at [Plaintiffs'] criminal trial(s), specifically, proving these offenses beyond a reasonable doubt." (ECF No. 43-4 at 1–2.) As the Report explains:

> the charges were dismissed after the DNA evidence came back excluding the plaintiffs as contributors, after one of the plaintiffs' defense attorneys spoke with Clarke at a local restaurant and Clarke allegedly indicated that he thought the plaintiffs were innocent, and after the prosecutor allegedly told defense counsel that the charges were "keeping her up at night."

13

(ECF No. 65 at 17–18 (citing ECF No. 49 at 29).)[3]  Therefore, viewing the evidence in the light most favorable to Plaintiffs, a genuine issue of material fact exists as to whether the charges against Plaintiffs were dismissed for reasons consistent with innocence.

3. *English's Claims*[4]

The Magistrate Judge found that under the totality of circumstances, probable cause existed to arrest English.  (ECF No. 65 at 13.)  Probable cause exists when there are "facts and circumstances within an officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *United States v. Gray*, 137 F.3d at 769 (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).  At the time of English's interrogation, Clarke had been told by two other officers, a witness, and the victim herself that the victim had identified one of her attackers as "Kewon," a sixteen-year-old friend of her son's who lived in Beatty Downs subdivision.  (ECF Nos. 43-2 at 2, 8, 11, 15; 43-3 at 2, 5–6.)  Based on this information, the police were able to locate English, a sixteen-year-old friend of the victim's son who lived in close proximity to the victim.  (ECF No. 43-2 at 2–3, 15.)  Further, the victim's son attested that he had been with English and another individual the prior evening, but the victim's son fell asleep and when he awoke English and the other man were no longer present.  (*Id.* at 19–20.)  Conversely, Clarke conceded that the victim had a head injury, she was lacking in sleep, and she was rattled after the attack.  (ECF No. 49-9 at 18.)  Further, the victim stated several times it was dark during the attack and she never saw the faces of her attackers.  (*Id.* at 11, 17.)  Thus, considering the

---

[3] As noted by the Magistrate Judge, Clarke denies he would state he "had the wrong guys," (ECF No. 49-9 at 46), but the court must view the disputed accounts of this conversation in favor of Plaintiffs for summary judgment purposes.  (*See* ECF No. 65 at 18 n.8.)

[4] English was sixteen (16) years old at the time of his confession and arrest, therefore the parties do not appear to dispute that his claims were tolled until he reached majority.

totality of the facts known to law enforcement at the time of English's arrest, the victim, who had given no indication of untruthfulness to law enforcement, identified one of her attackers as an individual known to her who resided in close proximity, gave the suspect's first name and age, and law enforcement were able to locate an individual matching this description. The court finds that a prudent person of reasonable caution would be justified in believing English had committed the offense based upon these facts. *See Humbert*, 866 F.3d at 555.

Plaintiffs object to the Magistrate Judge's finding, asserting the Magistrate Judge failed to apply the appropriate standards for summary judgment and probable cause. (ECF No. 68 at 13–15.) The court disagrees. Even viewing the evidence in the light most favorable to Plaintiffs, there is no issue of material fact as to the existence of probable cause to arrest English based upon the totality of circumstances known to law enforcement at the time. Therefore, the court rejects this objection. Because the record supports that probable cause existed as to English, summary judgment is appropriate for his claims relating to false arrest and malicious prosecution.

## V.    CONCLUSION

Based upon the foregoing, the court **ACCEPTS** the Report and Recommendation (ECF No. 65), **DENIES** Defendants' Motion for Summary Judgment (ECF No. 43) as to Powell's malicious prosecution claim, and **GRANTS** the Motion as to the remaining claims. As such, the court dismisses all of English's claims and all of Powell's claims other than the malicious prosecution claim against him.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 27, 2021
Columbia, South Carolina