# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Kewon English and Earl Powell, ) | Civil Action No.: 3:19-cv-02491-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Joseph Clarke, Leon Lott, in his official ) | |
| capacity as Sheriff of Richland County, and ) | |
| Richland County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

Kewon English ("English") and Earl Powell ("Powell") filed this action pursuant to 42 U.S.C. § 1983 alleging Defendants Joseph Clarke, Leon Lott, in his official capacity as Sheriff of Richland County, and the Richland County Sheriff's Department violated their constitutional rights. (ECF No. 1.) This matter is before the court on English's Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 91.) For the reasons below, the court **GRANTS** English's Motion. (*Id.*)

## I.     RELEVANT BACKGROUND

This case arises from the August 2015 arrests of English and Powell, and their subsequent imprisonment and prosecution. (ECF No. 1.) The Complaint alleges that English and Powell were charged, prosecuted, and arrested for crimes based on confessions that were wrongfully obtained by Defendant Clarke. (*Id.* at 2 ¶ 8.) English and Powell were arrested on or about August 5, 2015 and indicted on November 10, 2015. (ECF No. 43-1 at 6.) The Complaint alleges that Defendants received DNA results which exonerated them in May 2016 but did not dismiss the charges against them until December 2016. (ECF No. 65 at 2.)

1

English and Powell filed this action on September 3, 2019, alleging violations of their First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Defendants filed a Motion for Summary Judgment on September 28, 2020 (ECF No. 43). On June 2, 2021, the United States Magistrate Judge issued a Report and Recommendation (ECF No. 65), suggesting the court deny Defendants' Motion for Summary Judgment (ECF No. 43) as to Powell's claim for malicious prosecution and grant the Motion as to all other claims. (ECF No. 65 at 28.) On September 27, 2021, the court accepted the Report and Recommendation (ECF No. 65), denied Defendants' Motion for Summary Judgment (ECF No. 43) as to Powell's malicious prosecution claim, and granted the Motion as to the remaining claims. (ECF No. 79.) As such, the court dismissed all of English's claims and all but one of Powell's claims.

English filed a Notice of Appeal on October 27, 2021 (ECF No. 81), and Defendants filed a Notice of Cross-Appeal on November 10, 2021 (ECF No. 84). After the parties determined that no Rule 54(b) certification had been made in this court, the appeals were voluntarily dismissed without prejudice on April 25, 2022. (ECF No. 88.) English now moves the court for an "entry of final judgment of all claims filed by Kewon English and certifying the portion of the [c]ourt's September 27, 2021 Order (ECF No. 79) (the "Order") granting Defendants' Motion for Summary Judgment as to English's claims as a final judgment for appeal and finding that there is no just reason for delay." (ECF No. 91.) Defendants filed a consent to the requested certification, agreeing that Plaintiffs have demonstrated that granting summary judgment in Defendants' favor was a "final decision" as to all claims asserted by English and that there is no just reason for delaying the entry of judgment on these claims. (ECF No. 94.)

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiffs' claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action by directing entry of a final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Rule was adopted "in view of the breadth of the civil action the Rules allow, specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015). The United States Court of Appeals for the Fourth Circuit has stated that "[t]he chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Moreover, in the Fourth Circuit, "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *Id.* (citations omitted). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Id.* (citation omitted).

In determining whether certification is warranted, district courts follow a two-step process. First, the court must determine whether the judgment is final, or in other words, that it is "an

3

ultimate disposition of an individual claim entered in the course of a multiple claims action." *Braswell Shipyards*, 2 F.3d at 1335. Second, "the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.*

### IV.    ANALYSIS

The court finds the Order granting summary judgment to Defendants on English's claims constitutes a final judgment because it disposed of all the claims brought by English and dismissed him from the case. (*See* ECF No. 79 at 15.) Thus, the remaining inquiry is whether there is a just reason for delaying the entry of judgment. In ascertaining the existence of a just reason for delay, the court considers the following factors, as applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment to be made final;2 (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Braswell*, 2 F.3d at 1335–36).

The court agrees with English that even though "there is certainly a relationship between English's claims and Powell's remaining malicious prosecution claim, they are claims brought by separate individuals, and the ruling granting summary judgment on all of English's claims is based on different circumstances than the ruling allowing Powell's claim to proceed." (ECF No. 94 at 3.) Specifically, in granting summary judgment on English's claims, the court found probable cause existed to arrest English apart from the allegedly coerced confession. (ECF No. 79 at 15.) Conversely, regarding Powell's arrest, the court found that the record lacked evidence aside from the allegedly coerced confession to support the existence of probable cause for his arrest and that

4

there was a genuine issue of material fact as to whether Powell's charges were dismissed for reasons consistent with innocence. (*Id.* at 13–14.) Further, because the Order dismissed English from the case, there is little possibility that future developments in this court would moot English's need for review. In consideration of the relevant factors, the court finds that there is no just reason for delay in the entry of judgment. *See Braswell Shipyards*, 2 F.3d at 1335. Accordingly, entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) is appropriate.

## V.     CONCLUSION

Based on the foregoing, the court **GRANTS** English's Motion for Entry of Final Judgment (ECF No. 94) and **CERTIFIES** the portion of its Order (ECF No. 79) granting summary judgment to Defendants on English's claims and dismissing him from the case.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 19, 2022
Columbia, South Carolina

5